IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-HC-2091-M

| | |
|---|---|
| DOMINIC QUEEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| WARDEN OF RIVER CORRECTIONAL INSTITUTION, | ) |
| | ) |
| Respondent. | ) |

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion for summary judgment (D.E. 9). Petitioner did not respond. For the reasons discussed below, respondent's motion is granted.

## STATEMENT OF THE CASE

On June 3, 2020, petitioner filed the instant petition contending the Federal Bureau of Prisons ("FBOP") erred in computing his federal sentence and failed to award him prior custody credit to which he is entitled. (Pet. (D.E. 1) at 5–6). Following frivolity review, the matter was allowed to proceed.

On January 5, 2022, respondent filed the instant motion for summary judgment. In support, respondent filed a memorandum in support, statement of material facts, and appendix of exhibits consisting of the following: (1) management analyst at the Designated and Sentence Computation Center, Jon McEvoy's declaration; (2) portion of petitioner's arrest packet dated February 25, 2017; (3) petitioner's violation report dated March 2, 2017; (4) criminal judgment in

United States v. Queen, No. 2010 CF2 012804 (D.C. Super. Ct. Jan. 31, 2011); (5) petitioner's warrant application dated March 7, 2017; (6) notice of action dated July 23, 2018; (7) excerpt from Sentence Computation Manual; (8) petitioner's sentencing monitoring computation data; (9) petitioner's inmate record; (10) criminal docket in United States v. Queen, No. 1:17-CR-58-EGS-1 (D.D.C.); (11) criminal judgment in United States v. Queen, No. 1:17-CR-58-EGS-1 (D.D.C. Sept. 25, 2018); (12) petitioner's administrative remedy generalized retrieval; and (13) petitioner's administrative remedy packet.

On January 6, 2022, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the court notified petitioner about the motion for summary judgment, the consequences of failing to respond, and the response deadline. As noted above, petitioner did not respond.

## DISCUSSION

A.   Legal Standard

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment

2

should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

B.	Analysis

Respondent has satisfied his burden in identifying evidence of record demonstrating the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see also Resp't Mem. in Supp. (D.E. 10) at 2–3, 5–8). Thus, the burden shifts to petitioner, and he "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587. Petitioner has not responded to respondent's motion for summary judgment, and his complaint is not verified. Therefore, he has not met his burden, and respondent is entitled to judgment as a matter of law. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (concluding a verified complaint can defeat a motion for summary judgment).

C.	Certificate of Appealability

Reviewing the claims presented in the petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See Buck v. Davis, 137 S. Ct. 759, 777 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Accordingly, the court denies a certificate of appealability.

CONCLUSION

For the reasons discussed above, the court GRANTS respondent's motion for summary

3

judgment (D.E. 9). The court DENIES a certificate of appealability and DIRECTS the clerk to close the case.

SO ORDERED, this the 19th day of September, 2022.

*Richard E. Myers II*
RICHARD E. MYERS, II
Chief United States District Judge